## WILKES v. GALLAGHER.

.(Supreme Court, Appellate Term. June 28, 1906.)

NEGLIGENCE—DEFECTS—EVIDENCE OF REPAIRS AFTER INJURY—ADMISSIBILITY.
　　In an action for injuries, the answer denied the existence of a hole as set out in the complaint. Defendant offered some proof to negative the claim of plaintiff as to the condition of the hole she asserted existed at the time of the accident, but he did not deny that a hole existed at the place of the accident. Held, that the admission of evidence as to repairs made by defendant after the accident was erroneous, especially where the court charged that such evidence established a fact to be considered.

　　[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 255, 256.]

Appeal from City Court of New York, Trial Term.

Action by Barbara Wilkes against Patrick Gallagher. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Judgment and order reversed, and new trial ordered.

Argued before GILDERSLEEVE, LEVENTRITT, and Mc-CALL, JJ.

Michel Kirtland, for appellant.
Coleman & Coleman (Mary Coleman, of counsel), for respondent.

McCALL, J. The admission of evidence as to repairs made after the accident was error. Emphasized as it was by the charge of the learned trial justice, that such evidence established a fact to be considered by the jury calls for the reversal of the judgment. It is true that the answer denies the existence of the hole as set out in the complaint, and that some proof was offered by the defendant to negative the claim of the plaintiff as to the condition of the hole she asserted existed at the time of the accident; but the defendant did not deny, neither did he attempt to disprove, that a hole or depression was there. The admission of such proof as we now predicate our reversal upon, no matter what the attempt at limitation in effect may be, is to be discountenanced for fear of the prejudice it is likely to create on the question of prior negligence. We are not concluding, however, that conditions could not exist which would warrant the introduction of and make admissible such proof for specific purpose; but this record reveals no such condition, and the evidence necessarily affected the question of defendant's prior negligence, for which purpose it is never admissible. Concluding, therefore, that a reversal must follow for the reasons stated, it renders unnecessary any discussion of the other questions arising.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE and LEVENTRITT, JJ., concur in result.